UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| James Vernon Sigler and | § | |
| Carla Jones Sigler | § | Case No. 20-60355 |
| | § | (Chapter 7) |
| Debtor. | § | |

| | | |
|---|---|---|
| | § | |
| Neva Ogle | § | |
|     Plaintiff | § | |
| | § | ADV. NO. 20-6094 |
| v. | § | |
| | § | |
| James Vernon Sigler and | § | |
| Carla Jones Sigler | § | |
|     Defendants | § | |

## **DEFENDANT'S ANSWER TO COMPLAINT**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

James Vernon Sigler and Carla Jones Sigler files their Answer as follows.

1. Defendants admit the allegations of para. 1.

2. Defendants admit the allegations of para. 2, except that Plaintiff is an alleged creditor.

3. Defendants admit the allegations of para. 3.

4. Defendants admit the allegations of para. 4.

5. Defendants admit the allegations of para. 5.

6. Defendants admit the allegations of para. 6.

7. Defendants admit that Neva Ogle wrote check #1052 in the amount of $450,000 and that Carla Sigler executed the document attached as Exhibit B. Defendants deny the

remainder of para. 7.

8. Defendants admit that Carla Sue spent $29,591.78 to buy into her Alaska retirement and that they used the bulk of the funds to purchase a home in Texas. Defendants deny the remainder of para. 8.

9. Defendants admit the allegations of para. 9.

10. Defendants deny the allegations of para. 10.

11. Defendants admit the allegations of para. 11.

12. Defendants admit the allegations of para. 12, except that they deny that any funds provided by Neva Ogle were paid to Kris Chandler.

13. Defendants admit that the transactions listed took place but deny that such payments were made exclusively with funds provided by Neva Ogle.

14. Defendants admit the allegations of para. 14.

15. Defendants deny the allegations of para. 15.

16. Defendants admit the allegations of para. 16, except that any statement was a lie.

17. Defendants admit that the transactions took place but deny the characterizations of the transactions.

18. Defendants deny the allegations of para. 18.

19. Defendants deny the allegations of para. 19.

20. Defendants deny the allegations of para. 20.

21. Defendants deny the allegations of para. 21.

22. Defendants deny the allegations of para. 22.

23. Defendants admit that the document contained the statements recited but deny the characterization of those statements.

24. Defendants admit that they made the payments described but deny the remaining allegations of para. 24.

25. Defendants deny the allegations of para. 25.

26. Defendants admit that Neva Ogle was the subject of a conservatorship proceeding and later placed into guardianship. Defendants deny the remainder of para. 26.

27. Defendants lack information sufficient to admit or deny the allegations of para. 27.

28. Defendants lack information sufficient to admit or deny the first two sentences of paragraph 28. Defendants deny the remainder of para. 28.

29. Defendants admit that they did not use any of the funds for the direct benefit of Neva Ogle. However, the fact that Neva Ogle wanted them to have the money was a benefit to them. Defendants deny the remainder of para. 29.

30. Defendants deny the allegations of para. 30.

31. Defendants admit that the funds were placed into their joint account. Defendants deny the remainder of para. 31.

32. Defendants admit that the funds flowed through a joint account. Defendants deny the remainder of para. 32.

33. Defendants deny the allegations of para. 33.

34. Defendants admit the first sentence of para. 34 and that it was unlikely that they would make a substantial repayment. Defendants deny the remainder of para. 34.

35. Defendants admit the allegations of para. 35.

36. Defendants deny the allegations of para. 36.

37. Defendants incorporate their responses to para. 1-36.

38. Defendants deny the allegations of para. 38.

39. Defendants deny the allegations of para. 39.

40. Defendants deny the allegations of para. 40.

41. Defendants deny the allegations of para. 41.

42. Defendants deny the allegations of para. 42.

43. Defendants deny the allegations of para. 43.

44. Defendants deny the allegations of para. 44.

45. Defendants deny the allegations of para. 45.

46. Defendants deny that Plaintiff has capacity to sue pursuant to Fed.R.Bankr.P. 7009. The suit is brought in the name of Neva Ogle. However, the suit alleges that Neva Ogle is subject to a guardianship. Therefore, Neva Ogle could not have brought this action in her own name.

47. The Complaint fails to state a cause of action as to James Vernon Sigler.

    Respectfully submitted,

**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
(512) 476-9103
(512) 476-9253 (Facsimile)
ssather@bn-lawyers.com


By: /s/Stephen W. Sather
    Stephen Sather
    State Bar No. 17657520

## **CERTIFICATE OF SERVICE**

By my signature below, I, Stephen W. Sather, certify that true and correct copy the above document, was sent by first class mail to the following parties on this the 24th day of September 2020.

Kerry L. Halliburton
Naman, Howell, Smith & Lee, LLP
PO Box 1470
Waco, TX 76703-1470

By: /s/Stephen W. Sather