**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 17, 2023.**

_____
**MICHAEL M. PARKER
UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JAMES VERNON SIGLER & CARLA JONES SIGLER, | § § § | CASE NO. 20-60355-MMP |
| DEBTORS. | § § | CHAPTER 13 |
| | § § | |
| NEVA OGLE, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | ADVERSARY NO. 20-06094-MMP |
| JAMES VERNON SIGLER & CARLA JONES SIGLER, | § § § | |
| DEFENDANTS. | § | |

1

OPINION

I. INTRODUCTION

Before the Court is *Plaintiff Neva Ogle's Motion for Summary Judgment* ("Motion," ECF No. 24)[1] filed by Bill Rudzik ("Rudzik") and Janet Hansten ("Hansten") in their capacities as the guardian and conservator of Neva Ogle ("Ogle")[2] and the *Response to Plaintiff's Motion for Summary Judgment* ("Response," ECF No. 31) filed by Defendants James Vernon Sigler ("James") and Carla Jones Sigler ("Carla," collectively with James, "Siglers"). Invoking this Court's full faith and credit obligation,[3] Ogle seeks to have an Alaska state court judgment owed to her by the Siglers declared nondischargeable under 11 U.S.C. § 523(a)(2)(A)[4] and moves for summary judgment based on the doctrine of collateral estoppel. The Court finds that there is no genuine issue as to any material fact and Ogle is entitled to judgment as a matter of law that the debt owed to her by the Siglers is nondischargeable under § 523(a)(2)(A). Accordingly, the Court will grant the Motion.

II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and the Standing Order of Reference of the United States District Court for the Western District of Texas, dated October 4, 2013. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409. Both Plaintiff and Defendants have consented to the entry of final orders and a judgment by this Court in this adversary proceeding. ECF Nos. 10 and 11.

---

[1] "ECF" denotes the electronic filing number.
[2] Neva Ogle passed on November 25, 2020. For continuity and ease of reference, the term Ogle means both Ogle and Ogle's estate as represented by Rudzik and Hansten.
[3] 28 U.S.C. § 1738.
[4] All statutory references are to Title 11 of the United States Code unless otherwise specified.

2

### III. BACKGROUND

This dispute arises from the elderly Ogle's transfer of $700k to the Siglers.[5] In 2012, Alaska resident Ogle (then in her 80s) loaned Alaska resident Carla money ostensibly so she could buy retirement credits from the Alaska Teachers Retirement System ("TRS") and retire early. Ogle wrote a check to James for $250,000. The Siglers represented to Ogle that they would repay the $250,000 loan from the proceeds of the sale of the Siglers' business, St. Elias Auto, but failed to repay Ogle when they did sell it. The same month, Carla submitted $279,591.78 to TRS in exchange for retirement credits, completing Carla's retirement process. Despite that completion, the next year, the Siglers approached Ogle for an additional $50,000 purportedly because the first loan had not been enough for Carla to facilitate her retirement buy-in. Carla wrote the check, which Ogle signed, for $450,000, an amount significantly greater than the alleged amount needed for Carla's early retirement. Instead of buying retirement credits, as they represented to Ogle, the Siglers used the proceeds of the sale of their business to buy their current home located at 6848 State Highway 22, Meridian, Bosque County, Texas.[6] Carla and Ogle signed a written agreement evidencing the loan, which contained a provision that the purpose of the transfer of funds was to "help Carla pay back her TRS payback and pay off an additional 10 years liability which has been accruing since 1997." ECF No. 24, at 12. The Siglers subsequently claimed the amounts Ogle loaned them were gifts, not intended to be paid back.

---

[5] Background facts come from the Alaska state court's findings of fact. ECF No. 24, at 41-52.
[6] The Siglers claim a homestead exemption in this house. ECF No. 1 in Case No. 20-60355-mmp.

When the Siglers failed to repay Ogle, Ogle sued the Siglers in the Superior Court for the State of Alaska, First Judicial District at Juneau,[7] the Honorable Daniel Schally presiding ("Alaska Court"). After Ogle became subject to a conservatorship, the State of Alaska, Office of Elder Fraud and Assistance ("OEFA"), took over the matter to represent the individual interests of Ogle through her conservator, Hansten. Hansten filed an amended complaint ("Amended Complaint") in January 2018 for civil elder fraud charges and unjust enrichment against the Siglers in Case No. 1JU-17-00569 CI, styled *The State of Alaska, Office of Elder Fraud and Assistance vs. Vernon James Sigler and Carla Sue Jones Sigler* ("Alaska Litigation"). The Amended Complaint sought punitive damages and alleged eight counts of elder fraud as defined in Alaska Statute 44.21.415(g)(1)(C), four counts of elder fraud as defined in Alaska Statutes 44.21.415(g)(1)(B) and 11.46.600(a)(2), and unjust enrichment. The Alaska Court found that the Siglers (i) misrepresented their intentions and fraudulently induced Ogle to lend the Siglers $700,000 at a time when the Siglers had no intention to repay the $700,000 loan and (ii) were guilty of a scheme to defraud Ogle. The Siglers filed for Chapter 13 bankruptcy protection and listed Rudzik as a nonpriority creditor in their schedules with an unknown debt. Hansten filed two proofs of claim on behalf of Ogle, totaling $700,000. Ogle, through Rudzik and Hansten, filed a complaint seeking to determine the nondischargeability of the Siglers' obligations to Ogle under § 523(a)(2)(A). This Court lifted the stay to allow for the OEFA to proceed with the Alaska Litigation and abated this dischargeability adversary proceeding pending the outcome of the Alaska Litigation. ECF No. 56 in Case No. 20-60355-mmp.

---

[7] The Court believes that the Superior Court for the State of Alaska is in the First Judicial District at Juneau despite several documents in the Alaska state court's record with case captions that indicate the Third Judicial District at Juneau.

The Alaska Court held a bench trial over four days and entered a trial decision, findings of fact, and conclusions of law against the Siglers on March 19, 2022. Subsequently, the Alaska Court entered additional findings of facts and conclusions of law on May 3, 2022 ("Additional Findings"). Six months later, the Alaska Court entered a final judgment for Ogle and against Carla and James, equally and jointly, in the amount of $1,473,238.

## IV. SUMMARY JUDGMENT STANDARD

Ogle moves for summary judgment on her § 523(a)(2)(A) claim. Ogle asserts that the judgment entered by the Alaska Court ("Alaska Judgment") against the Siglers collaterally estops the Siglers from denying the amount and dischargeability of their obligations to Ogle and eliminates any "genuine dispute as to any material fact" in Ogle's Amended Complaint. FED. R. CIV. P. 56(a). Outside the Alaska Judgment, no evidence has been offered by either Ogle or the Siglers. Ogle relies on the collateral estoppel effect of the Alaska Judgment. If Ogle can establish that collateral estoppel applies to each element of her § 523(a)(2)(A) claim, then she can use the Alaska Judgment to obtain a nondischargeability judgment from this Court for those same obligations. If not, then Ogle's Motion must fail.

If the Alaska Judgment preclusively establishes each element of Ogle's § 523(a)(2)(A) claim, and the Siglers cannot establish any dispute as to a material fact in Ogle's Amended Complaint, then Ogle is entitled to "judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). Once Ogle has established the Alaska Judgment collaterally estops denial of Ogle's § 523(a)(2)(A) claim, the burden of proof then shifts to the Siglers to establish a disputed material fact, if any, to Ogle's § 523(a)(2)(A) claim. The court need not analyze the entire record

5

in search of a disputed material fact. *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1307 (5th Cir. 1988).

## V. DISCUSSION

Invoking the doctrine of collateral estoppel, Ogle asserts the preclusive effect of relevant factual findings in the Alaska Judgment makes the Siglers debt to her nondischargeable under § 523(a)(2)(A). *See* **Grogan v. Garner**, 498 U.S. 279, 284 n.11 (1991). The doctrine of collateral estoppel provides that "[w]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." ***Dowling v. U.S.***, 493 U.S. 342, 347 (1990) (citing ***Ashe v. Swenson***, 397 U.S. 436, 443 (1970)).

Whether the Alaska Judgment is entitled to preclusive effect depends on Alaska collateral estoppel law. ***Gober v. Terra + Corp. (In re Gober)***, 100 F.3d 1195, 1201 (5th Cir. 1996) (Courts "[m]ust look to the state that rendered the judgment to determine whether the courts of that state would afford the judgment preclusive effect." (citing ***Marrese v. Am. Acad. Of Orthopaedic Surgeons***, 470 U.S. 373, 380 (1985))); *see also* ***Caton v. Trudeau (In re Caton)***, 157 F.3d 1026, 1028 (5th Cir. 1998) (applying the collateral estoppel law of the state in which the prior decision at issue was entered). Any preclusive effect given to a state court judgment under Alaska's doctrine of collateral estoppel also requires this Court to give such judgment full faith and credit. 28 U.S.C. § 1738; ***Migra v. Warren City Sch. Dist. Bd. Of Educ.***, 465 U.S. 75, 81 (1984). Under Alaska law, the application of collateral estoppel is appropriate when four threshold requirements are met:

> (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action;
> (2) the issue precluded from relitigation is identical to the issue decided in the first action;
> (3) the issue was resolved in the first action by a final judgment on the merits; and
> (4) the determination of the issue was essential to the final judgment.

6

*Guilford v. Weidner Inv. Services, Inc.*, 522 P.3d 1085, 1095 (Alaska 2023) (citing *Allstate Ins. Co. v. Kenick*, 435 P.3d 938, 944 (Alaska 2019)). Because Ogle asserted the preclusive effect of the findings arising from the Alaska Litigation, she has the burden of proof on all elements of collateral estoppel. *Smith v. Stafford*, 189 P.3d 1065, 1075 (Alaska 2008) (citing *Hernandez v. City of Los Angeles*, 624 F.2d 935, 937 (9th Cir. 1980)). To meet this burden, Ogle must introduce a record sufficient to establish the controlling facts (found in her favor) and pinpoint the issues litigated in the Alaska Litigation. *Id.* Accordingly, Ogle must show that:

> (1) the Siglers were parties in the Alaska Litigation;
> (2) the issues precluded from relitigation are identical to the issues decided in the Alaska Litigation;
> (3) the issues were resolved by a final judgment on the merits; and
> (4) the determination of the issues was essential to the Alaska Judgment.

The first and third requirements are easily met. The first requirement, party identity, is satisfied because Ogle seeks to employ collateral estoppel against the Siglers, who were the named defendants in the Alaska Litigation.

The third requirement, final judgment on the merits, is also met. A final judgment on the merits "[i]ncludes 'any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.'" *Briggs v. State*, 732 P.2d 1078, 1082 (Alaska 1987) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 13 (AM. L. INST. 1982)). In assessing whether the third requirement is met, Alaska courts consider whether "[t]he parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision was subject to appeal or was in fact reviewed on appeal." *Id.* The Siglers attempted to appeal the Final Judgment but failed to submit payment for the cost bond, so the Clerk of the Appellate Courts closed the file when the deficiency was not remedied. ECF No. 24, at 45; *see* Alaska R. App.

P. 204(c) (requiring a notice of appeal to come with a cost bond). The Alaska Judgment constitutes a final judgment on the merits, as evidenced by the Siglers' opportunity to be fully heard, the detailed findings of fact and conclusions of law of the Alaska Court, the Siglers' failure to pay the appeal cost bond, and the passing of the deadline for the Siglers to appeal the Alaska Judgment. Therefore, the third requirement is satisfied.

The second and fourth requirements of collateral estoppel require more attention. For the second requirement, identity of the issues, the Court must find that the issues in this adversary proceeding match the issues before the Alaska Court. Section 523(a)(2)(A) excepts from discharge a debt "[f]or money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . . ." § 523(a)(2)(A). Thus, the Alaska Court's findings must establish that the Siglers obtained Ogle's money through false pretenses, a false representation, or actual fraud. Any one will do. Here, the Alaska Court found all three.

The Fifth Circuit distinguishes false pretenses and false representation from actual fraud. To support a cause of action for false pretenses and a false representation under § 523(a)(2)(A), a creditor must show:

(1) the existence of a knowing and fraudulent falsehood;
(2) describing past or current facts; and
(3) that was relied on by the creditor.

**Allison v. Roberts (In re Allison)**, 960 F.2d 481, 483 (5th Cir. 1992). To support a cause of action for actual fraud via misrepresentation[8] under § 523(a)(2)(A), a creditor must show:

---

[8] The Court recognizes that "[t]he term "actual fraud" in § 523(a)(2)(A) encompasses different forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." **Husky Int'l. Elecs., Inc. v. Ritz**, 578 U.S. 355, 359 (2016). The Court need not determine whether the Alaska Court's findings of fact support a finding of actual fraud without the existence of a misrepresentation, because the Alaska Court's findings of fact show the

8

> (1) the debtor made a representation;
> (2) when it was made the debtor knew it was false;
> (3) the debtor made the representation with the intention and purpose to deceive the creditor;
> (4) the creditor relied on such representation; and
> (5) the creditor sustained losses as a proximate result of the representation.

*Selenberg v. Bates (In re Selenberg)*, 856 F.3d 393, 398 (5th Cir. 2017) (emphasis omitted) (quoting *Husky Int'l Elecs, Inc. v. Ritz (In re Ritz)*, 787 F.3d 312, 319 (5th Cir. 2015), *rev'd on other grounds*, 578 U.S. 355 (2016)). Similarly, a finding of fraud under Alaska law requires:

> (1) a false representation of fact;
> (2) knowledge of the falsity of the representation;
> (3) intention to induce reliance;
> (4) justifiable reliance; and
> (5) damages.

*Shehata v. Salvation Army*, 225 P.3d 1106, 1114 (Alaska 2010) (citing *Jarvis v. Ensminger*, 134 P.3d 353, 363 (Alaska 2006)). The elements of fraud under Alaska common law are functionally the same as the elements applied by bankruptcy courts for § 523(a)(2)(A). *Deloycheet, Inc. v. Beach (In re Beach)*, 570 B.R. 300, 324-25 (Bankr. D. Alaska 2017). "Mirroring one another, an actual fraud finding satisfies the 'identical issue' criteria for [collateral estoppel] in a § 523(a)(2)(A) action." *Zuckerman v. Crigler (In re Zuckerman)*, 613 B.R. 707, 714 (B.A.P. 9th Cir. 2020), *aff'd*, No. 20-60031, 21-60048, 2022 WL 13861067 (9th Cir. Oct. 24, 2022) (citing *Lee v. Tcast Commc'ns, Inc. (In re Lee)*, 335 B.R. 130, 136 (B.A.P. 9th Cir. 2005)).

In the Alaska Litigation, the Alaska Court made the following specific findings:

> (1) Carla and James obtained the $250,000 from Ogle by false pretenses;
> (2) Carla and James obtained the $250,000 from Ogle by false representations;
> (3) Carla and James obtained the $250,000 from Ogle by actual fraud;
> (4) Carla and James obtained the $450,000 from Ogle by false pretenses;

---

actual fraud is based on at least one misrepresentation. *See Selenberg*, 856 F.3d at 398 n.1 ("Although a false representation is no longer required, actual fraud can still be proven by showing that the debtor in fact made a false representation.").

> (5) Carla and James obtained the $450,000 from Ogle by false representations; and
> (6) Carla and James obtained the $450,000 from Ogle by actual fraud.

ECF No. 24, at 46-47. The Alaska Court also made specific findings on the elements of false pretenses, a false representation, and actual fraud under § 523(a)(2)(A). *Id.* For example, in paragraph nine of the Additional Findings, the Alaska Court describes how the Siglers falsely represented to Ogle they needed a $50,000 loan to pay for Carla's retirement buy-in. The check Carla ultimately drafted was for $450,000, not $50,000. The Siglers made this lie knowingly and fraudulently with the intent to defraud and obtain funds from Ogle and Ogle justifiably relied on this lie and was damaged by it. Similarly, in paragraph ten of the Additional Findings, the Alaska Court describes how the Siglers represented to Ogle that the $250,000 loan would be repaid with the proceeds of the sale of the Siglers' business, which was a lie. This lie was made knowingly and fraudulently by the Siglers with the intent to defraud and obtain funds from Ogle and Ogle justifiably relied on this lie and was damaged by it. Similar nondischargeable acts are found in paragraphs eleven through thirteen of the Additional Findings. The Alaska Court also found that the Siglers engaged in a "scheme to defraud" Ogle under Alaska law. *Id.* at 43.

      Here, the Alaska Court entered findings of fact showing the Siglers obtained money from Ogle through false pretenses, false representations, and actual fraud. The factual findings of false pretenses and false representation on each of the elements match up with the elements of § 523(a)(2)(A), and because the elements of fraud under Alaska law are identical to the elements under § 523(a)(2)(A), a finding of actual fraud under Alaska law meets the identical issue requirement to qualify for application of collateral estopppel. Thus, the second requirement is met.

      To establish the fourth requirement of collateral estoppel, essentiality, the Court must find that the determination of the issues in the Alaska Court was essential to the Alaska Judgment. Ogle

asserts the elements of fraud under § 523(a)(2)(A) are the same as the elements of fraud under Alaska law, therefore, making the Alaska Court's findings on these specific elements necessary and essential findings for the final judgment on Ogle's claims. *Compare* **Selenberg**, 856 F.3d at 398 (section 523(a)(2)(A) elements), *with* **Shehata**, 225 P.3d at 1114 (fraud elements). The Court finds Ogle's argument persuasive. Moreover, the Alaska Court's false representation and false pretenses findings were essential to its determination of elder fraud. ALASKA STAT. §§ 44.21.415(g)(1)(C), 44.21.415(g)(1)(B), 11.46.600(a)(2). Thus, the fourth requirement is established.

The Court holds that the Alaska Court's detailed findings of fact preclusively establish and satisfy all the elements required for nondischargeability under 523(a)(2)(A), and Ogle is entitled to judgment as a matter of law under Alaska collateral estoppel law. The Siglers have failed to show a genuine and material issue of fact and have failed to show that Ogle is not entitled to relief.[9]

## VI. SIGLERS' CONTENTIONS

The Siglers contend that the Alaska Court's conclusory, non-specific, and contradictory findings cannot be used to collaterally estop the Siglers from challenging the nondischargeability of Ogle's debt under § 523(a)(2)(A).

The Siglers argue that paragraphs one through seven of the Additional Findings are "[m]ere conclusory statement[s] [that] will not give rise to collateral estoppel." ECF No. 31, at 5. The Siglers suggest that the Court must only consider these seven findings in a vacuum, ignoring the specific factual findings the Alaska Court made on each element of false pretenses, false

---

[9] The Siglers challenge the Alaska Court's findings as conclusory, non-specific, and contradictory as to individual defendants under § 523(a)(2)(A), but do not appear to directly dispute that the elements of collateral estoppel under Alaska law are otherwise met.

11

representation, and actual fraud under § 523(a)(2)(A). In isolation, individual findings labeling Ogle's loans of $250,000 and $450,000 as obtained by false pretenses, false representations, and actual fraud do appear conclusory. But the Court cannot read these findings in isolation. The Alaska Court explains how the Siglers never intended to repay Ogle, knowingly and intentionally misrepresented the purposes of the loans to induce Ogle to lend, misrepresented to Ogle that they would repay her with the proceeds of the sale of their business when they never intended to do so or that they needed the loan for retirement contributions when in fact they didn't, that Ogle justifiably relied on such misrepresentations and was damaged thereby, and that the Siglers engaged in a scheme to defraud elderly Ogle and did defraud Ogle. ECF No. 24, at 41-52. Taken as a whole, the Alaska Court's factual findings are sufficient and not conclusory.

The Siglers rely on ***Harold V. Simpson & Co. v. Shuler (In re Shuler)***, 722 F.2d 1253 (5th Cir. 1984) to support their position that the Alaska Court's findings are conclusory, but ***Shuler*** is distinguishable. In ***Shuler***, the Fifth Circuit affirmed the bankruptcy court's decision to deny preclusive effect to a four-sentence default judgment that contained "[m]erely a conclusory statement that the [creditor] was entitled to judgment on a false-pretense cause of action" without "[s]ubsidiary facts upon which the false-pretense allegation was made . . . ." *Id.* at 1257-58. Unlike the state court judgment in ***Shuler***, the Alaska Court's findings contain "detailed facts sufficient as findings to meet the federal test of nondischargeability." *Id.* at 1257.[10]

---

[10] Even if the Alaska Court's findings were conclusory, ***Shuler*** says that this Court could have also examined the record, pleadings, and affidavits for a sufficient factual basis to which the Court could apply the federal test of nondischargeability. *Id.* at 1257-58; ***Sierra Inv. Assoc. v. Tomlin (In re Tomlin)***, Nos. 99–35175, 99–03485, 2005 WL 6440629, at *5 (Bankr. N.D. Tex., Dec. 20, 2005) (citing ***Dennis v. Dennis (In re Dennis)***, 25 F.3d 274, 278 (5th Cir.1994)) ("Where the state court judgment is conclusory and does not contain detailed facts sufficient as findings to meet the federal test of nondischargeability, the court will look at the evidence produced in the state court proceedings to support the judgment and determine whether the record of the state proceedings is sufficient to discern the subsidiary facts supporting the judgment."). The Court need not resort to such an examination though, because the Alaska Court's findings contain detailed facts sufficient as findings to meet the standards of § 523(a)(2)(A).

The Siglers challenge the Alaska Court's references to "the Siglers" collectively and emphasize that the Siglers are two separate defendants. ECF No. 31, at 5. Ogle's Amended Complaint includes specific allegations against each Sigler, with James requesting the $250,000 loan from Ogle and Carla requesting the $450,000 loan from Ogle. *Id.* Based on these specific allegations, the Siglers assert that the Alaska Court's "[f]ailure to obtain findings as to each Sigler individually is insufficient to support a finding that either Sigler made a representation." *Id.* The Siglers argue this alleged deficiency prevents this Court from finding collateral estoppel applies to either defendant. *Id.* at 5-6.

The Court disagrees. The Alaska Court was not required to make specific findings individually attributable to each Sigler. Nothing prevented the Alaska Court from finding both Siglers made representations to deceive and defraud Ogle. This Court can't divine what occurred at trial from Ogle's Amended Complaint, and collateral estoppel doctrine does not require this Court to do so. The Court notes that the Siglers did not seek to amend or object to the Alaska Court's findings of fact and did not provide any authority for their position. ECF No. 24, at 45. The Siglers' remedy for non-specific findings was to object to the findings that were entered, not to belatedly suggest the findings don't match the Amended Complaint after the findings became final.

Finally, the Siglers argue that the Alaska Court's findings were "[c]ontradictory as to the level of intent by either Defendant." ECF No. 31, at 6. In its punitive damages ruling, the Alaska Court states that:

> [t]he facts here do not appear to implicate actual malice on the part of the Siglers; . . . But the findings detail the Siglers' conscious and deliberate disregard for Ogle's rights. At the very least, the Siglers were reckless in their disregard for Ogle's rights

13

> and interests. The Siglers shamelessly took advantage of the kindness of a longtime friend and elder, significantly financially damaging her in the process.

ECF No. 24, at 56. The Siglers posit that an absence of malice in the Alaska Court's punitive damages ruling, despite a finding of the Siglers' collective intent and recklessness in the findings, is contradictory and cannot alone establish intent to deceive, citing *In re Morrison*. ECF No. 31, at 6; *see Morrison v. Western Builders of Amarillo, Inc. (In re Morrison)*, 555 F.3d 473, 482 (5th Cir. 2009).

In *Morrison* the Fifth Circuit endorsed a totality of the circumstances approach to "infer an intent to deceive when '[r]eckless disregard for the truth or falsity of a statement combined with the sheer magnitude of the resultant misrepresentation may combine' to produce such an inference." *Morrison*, 555 F.3d. at 482 (quoting *Norris v. First Nat'l Bank (In re Norris)*, 70 F.3d 27, 31 n. 12 (5th Cir.1995)). In other words, an intent to deceive "[m]ay be inferred where a debtor makes a false representation and knows or should know that statement will induce another to act." *Manheim Auto. Fin. Servs., Inc. v. Hurst (In re Hurst)*, 337 B.R. 125, 133 (Bankr. N.D. Tex. 2005) (citing *Fed. Trade Comm'n v. Duggan (In re Duggan)*, 169 B.R. 318 (Bankr. E.D.N.Y. 1994)). Thus, when assessing a debtor's intent to deceive under § 523(a)(2)(A) "[t]he Court is required to consider whether the circumstances in the aggregate present a picture of deceptive conduct on the part of the debtor, which betrays an intent on the part of the debtor to deceive his creditors." *Light v. Whittington (In re Whittington)*, 530 B.R. 360, 383 (Bankr. W.D. Tex. 2014) (quoting *Ward Family Found. v. Arnette (In re Arnette)*, 454 B.R. 663, 699 (Bankr. N.D. Tex. 2011)).

Here, the Alaska Court made specific findings on the Siglers' intent to deceive, finding that the Siglers intentionally and knowingly made false representations "[w]ith deceit and with the

intent and purpose of deceiving [Ogle]." ECF No. 24, at 50. Based on the totality of the circumstances, as stated in the Alaska Court's findings, there is no material dispute that the Siglers had the intent to deceive Ogle under § 523(a)(2)(A). For these reasons, the Court finds that the Alaska Court's findings on intent to deceive are sufficient.

VII. CONCLUSION

For the reasons set forth above, the Court grants Ogle's Motion. Ogle has met her burden to show that there are no disputed issues of material fact and that she is entitled to the entry of judgment in her favor. An order granting the Motion will be entered separately and a judgment will be entered excepting the $1,473,238 Alaska Judgment from discharge under § 523(a)(2)(A).

# # #